UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CARLTON VOSE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-00434-MSM-PAS |
| | : | |
| TANG & MARAVELIS, P.C., and | : | |
| BRIAN GOLDBERG, | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* Plaintiff Carlton Vose has filed two motions[1] to extend and/or stay the pretrial schedule for this diversity-based legal malpractice claim, which has been pending since December 9, 2022, against his former lawyer and the lawyer's law firm: the first (ECF No. 20) seeks an extension of the fact discovery deadline by thirty days; the second (ECF No. 22) seeks an extension, effectively a stay, of the case until sixty days after he is released from incarceration at an unknown date in the future.[2]  As grounds for the motions, Plaintiff claims that he is now incarcerated and is being arbitrarily denied access to the law library by a correctional officer (whom he declines to name[3]) in violation of his constitutional rights.  ECF No. 22.  On reply,[4]

---

[1] Plaintiff also asks the Court to expedite a bail motion he filed in a different case.  See Vose v. Neronha, 23-cv-84MSM, ECF No. 47.  Plaintiff is advised that the Court will not consider the merits of a bail motion in the context of this civil legal malpractice case.

[2] Plaintiff had provided no estimate how long such an open-ended stay might last.

[3] The Court observes that this refusal to identify the accused miscreant is not a new tactic for Plaintiff.  In proceedings before the Rhode Island Committee on Character and Fitness, he initially relied on a claim of misconduct by a member of the Committee, whom he declined to identify, as a reason to derail those proceedings. In re Vose, 93 A.3d 33, 35-39 (R.I. 2014).

[4] Plaintiff's reply (ECF No. 26) was originally docketed in error as a new motion; this has been corrected.  I have considered it as the reply.  As clarification, the Court notes that Defendants did not need to file an opposition to ECF No. 26., which they did yesterday.  Plaintiff is directed not to file a reply to ECF No. 27.

Plaintiff alternatively seeks to stay the pretrial deadlines until after "the federal court has addressed the persistent and ongoing violations of the Plaintiff's constitutional rights," which include denial of law library access, denial of access to computers and printers, interference with mail and confiscation of legal work. ECF No. 26 at 1-2, 5. Both motions have been referred to me for determination. After filing the two motions, Plaintiff filed a new federal action – Vose v. Adult Correctional Institutions, 24-cv-116MSM – for declaratory relief to address the Adult Correctional Institutions' ("ACI") unconstitutional limits on his access to the law library.

I.      **Procedural and Factual Background**

This case, based on diversity jurisdiction, was brought by Plaintiff, claiming to be a Florida resident, against a law firm, Tang & Maravelis, P.C. ("T&M"), alleged to be a Massachusetts professional corporation, and Attorney Brian Goldberg, alleged to reside in Rhode Island. ECF No. ¶¶ 1-3. At the time of the filing of the complaint, Plaintiff was an attorney licensed to practice in Massachusetts; his longstanding and unsuccessful "legal battle" to be admitted to practice in Rhode Island, which the complaint alleges is "extremely relevant to this case," is described in In re Vose, 93 A.3d 33. See ECF No. 1 at 1. This decision notes that Plaintiff passed the Rhode Island bar examination and quotes Plaintiff as asserting that he has been "practicing law in Providence Superior Court since 2010." Id. at 35, 39.

Beginning with his arrest in 2015, the State of Rhode Island has brought various criminal charges against Plaintiff.[5] ECF No. 1 at 3-4. For representation in these criminal cases, Plaintiff engaged Attorney Goldberg of T&M. Id. at 3 & ¶¶ 7-9. The trial on the charges of elder abuse ended in a jury verdict of guilty on December 12, 2019, and the imposition of an incarcerative

---

[5] These include seven counts of abuse/neglect and/or exploitation of an adult (Plaintiff's mother) with severe impairment; obstruction of police officer; and obtaining property by false pretenses. See State v. Vose, 287 A.3d 997 (R.I. 2023); State v. Vose, Case No. P2-2018-0354A (R.I. Super. Ct.); State v. Vose, Case No. P2-2016-2326A (R.I. Super Ct.); State v. Vose, Case No. P3-2016-2655A (R.I. Super. Ct).

2

sentence of five years, two to serve. Id. ¶ 12; Vose, 287 A.3d at 999. Plaintiff now alleges that Attorney Goldberg "failed to provide adequate representation and legal services" and failed to disclose a conflict of interest between himself and the Attorney General and the Deputy Attorney General; these allegations seemingly impact not only the case in which Plaintiff was found guilty but also his other pending criminal cases. Id. ¶¶ 10, 16. As reflected in Rhode Island's public docket, in each criminal case, Attorney Goldberg withdrew and the Superior Court appointed the Public Defender to continue representing Plaintiff. See Vose, Case No. P2-2016-2326A; Vose, Case No. P2-2018-0354A; Vose, Case No. P2016-2655A.

Meanwhile, after the guilty verdict in the elder abuse criminal case, Plaintiff remained released pending appeal. Vose, Case No. P2-2016-2326A. The Supreme Court affirmed the Superior Court judgment in a decision that issued on February 1, 2023. Vose, 287 A.3d 997. Plaintiff failed to appear for the advisement of the Supreme Court decision on March 13, 2023, and remained a fugitive seemingly in Florida until November 6, 2023, when he was held without bail as a violator. Vose, Case No. P2-2016-2326A; see Vose v. Suttell, No. 1:23-cv-00039MSM, 2023 WL 6621149, at *1, 5 n.11 (D.R.I. Oct. 11, 2023) ("Mr. Vose is an attorney" and "a convicted felon"; "a warrant issued when Mr. Vose failed to appear"; "Mr. Vose does not contest that he is currently in Florida and, indeed, files his memoranda with a Florida address."). On December 12, 2023, the Superior Court ordered Plaintiff immediately to begin serving the previously-imposed sentence; he was remanded to the ACI where he since has been in custody. Vose, Case No. P2-2016-2326A. That is, for the first eleven months[6] that this legal malpractice case has been pending, Plaintiff was not incarcerated but was at liberty, seemingly for some of

---

[6] In ECF Nos. 15 &16, Plaintiff alleges that he has been incarcerated since October 23, 2023. If true, that means he was unimpaired by incarceration for the first ten and a half months after he filed this case.

the time in Florida. Further, throughout the time that this case has been pending, Plaintiff has been represented by legal counsel in connection with his remaining state court criminal cases. In addition, throughout the period that this case has been pending, Plaintiff has been a prolific litigant in this Court: making filings in connection with at least four cases.[7] This pattern of activity in making court filings continued after Plaintiff was incarcerated.[8] Most recently, as Defendants point out, ECF No. 24 at 4, Plaintiff continued to defend Massachusetts disciplinary proceedings against him by engaging an attorney who entered an appearance before the Massachusetts Supreme Judicial Court on February 29, 2024. In re Vose, BD-2020-031, Docket No. 29 (Mass. Feb. 29, 2024).

Focusing on this case, the Court finds credible Defendants' representation that Plaintiff has not initiated any discovery throughout the time that it has been pending. See ECF Nos. 23 at 1; 24 at 1. In response, Plaintiff complains vociferously that he _responded_ to discovery initiated by Defendants and alleges that Defendants' contention that he has not initiated discovery supports his accusation that ACI officials have confiscated and suppressed his discovery responses. ECF No. 26 at 3. This argument makes no sense – Defendants have not suggested that Plaintiff failed to respond to the discovery they propounded. Their contention is that Plaintiff has never _initiated_ discovery. Plaintiff has not disputed this assertion.

---

[7] These include: Vose v. Kilmartin, 19-cv-409 MSM; Vose v. Suttell, 23-cv-39MSM; Vose v. Neronha, 23-cv-84MSM; and Vose v. ACI, 24-cv-116MSM.

[8] By way of just three examples, the following were all filed _after_ Plaintiff was incarcerated: forty-five pages to initiate the complaint and an _in forma pauperis_ motion in Vose v. ACI, 24-cv-116MSM; several filings to initiate the appeal in Vose v. Kilmartin, 19-cv-409MSM; and flood of filings, including a forty-page typed motion for summary judgment, a five-page typed motion for bail, and over thirty pages of other handwritten motions in Vose v. Neronha, 23-cv-84MSM. All of these filings are coherent and typed or in clear handwriting; several appear to be well-researched multi-page writings with appropriate legal citations and attached exhibits addressing complex procedural and substantive issues of law. All are signed by Plaintiff proceeding _pro se_. As noted _infra_, I find that these filings undermine dramatically the credibility of Plaintiff's claim that his ability to pursue discovery in this case has been impaired by anything more than the "general inconvenience of incarceration." Text Order of Jan. 30, 2024.

Plaintiff's pattern of doing nothing to pursue discovery, but instead actively seeking delay, began in October 2023, when he filed a pair of bizarre motions requesting "accommodation" and a stay because, although he had been in Florida, he claimed to have been targeted in Connecticut by a criminal ring apparently led by Rhode Island Supreme Court Justice Maureen Goldberg and Rhode Island Attorney General Peter Neronha to burgle his Connecticut property; he represented that this cabal had successfully deprived him of all internet access. ECF Nos. 7, 8. Both motions were denied by Text Order on November 2, 2023. On the same day, the Court set the pretrial schedule, requiring the parties to complete all fact discovery by March 4, 2024,[9] and Plaintiff to make his expert disclosures by April 4, 2024, with other deadlines following. ECF No. 14.

Plaintiff's next effort to delay this case came on January 12, 2024, when he filed a new pair of motions seeking to stay the matter and extend the scheduling order deadlines. ECF Nos. 15, 16. In these typed and well-supported-by-legal-citation motions, Plaintiff alleged that he has been incarcerated since October 23, 2023, and complained that, since being incarcerated, he had been unable to "access documents or communicate with witnesses," unable to "receive mail from the Defendants," and had limited access to the law library and computer terminals. ECF Nos. 15 at 1; 16 at 1. The Court denied these motions, holding:

> The fact of his incarceration and attendant difficulties in conducting litigation does not support indefinite, blanket excusal from discovery and procedural deadlines. The plaintiff may file particularized requests for extensions of specific deadlines, on a situation-by-situation basis, if needed, if there are reasons other than the general inconvenience of incarceration to support them.

---

[9] Pursuant to DRI LR Cv 26(c), the close of discovery deadline is defined further as follows:

> Unless the Court otherwise orders, pretrial discovery must be <u>completed</u> by the discovery closure date. However, the parties may agree that specified discovery which has been initiated before the discovery closure date may be completed subsequent to that date, so long as such completion does not affect the pretrial schedule or any trial date established by the Court. <u>Id.</u> (emphasis added).

5

Text Order of Jan. 30, 2024.

Plaintiff's latest effort to delay this case was initiated when he signed the first of the now pending motions to extend on February 28, 2024.[10] In these motions, Plaintiff fails to describe any specific discovery that his alleged recent difficulties with the mail and law library, computer[11] and printer access, as well as the general inconvenience of incarceration, have prevented him from pursuing. Nor does he provide any explanation for his utter lack of diligence and complete failure to pursue discovery or doing anything else to advance this case either before or after he was incarcerated. Nor does he try to explain the glaring discrepancy (highlighted by Defendants in their opposition) between his extensive filings in other cases and his claim of being utterly incapacitated in this case by the unconstitutional conduct of ACI officials. See n.8 *supra*.

Also pertinent to the Court's approach to these motions is a bedrock principle: Rhode Island law has long been clear that, in cases alleging legal malpractice, issues of standard of care, breach of the standard of care, and proximate causation are matters that normally require an expert opinion, Rhode Island Res. Recovery Corp. v. Restivo Monacelli LLP, 189 A.3d 539, 547 (R.I. 2018), which, according to Fed R. Civ. P. 11, should be considered before the case is filed. Thus, before this case was filed, at a time when he was not incarcerated, Plaintiff must have made a reasonable inquiry whether his claim that Defendants had breached a standard of care

---

[10] Mindful of Plaintiff's *pro se* status and his incarceration, the Court treats these motions as if made before the time period passed and therefore governed by the "good cause" standard pursuant to Fed. R. Civ. P. 16(b)(4). See Fed. R. Civ. P. 6(b)(1)(B) (motions to extend made after applicable deadline granted only on finding of excusable neglect).

[11] One exception: Plaintiff claims he typed discovery requests and lost access to these documents when he was denied access to the computer where they were stored; he alleges that he then (twice) rewrote them by hand because the first handwritten set was confiscated. ECF No. 26 at 5. The problem with this explanation is that the second hand-written set was never served. In any event, this explanation would support a brief extension of no more than a few days until the second hand-written set was completed and served. Further, the Court has grave concerns about the credibility of these assertions in light of Plaintiff's unimpaired and extensive activity in other cases. See n.8 *supra*.

that proximately caused injury was factually warranted and supported in law.  Cf. Meyer v. Mulligan, 889 P.2d 509, 518 (Wyo. 1995) ("before an attorney files a legal malpractice action where the underlying case of alleged malpractice involves a complex or specialized area of the law, with which they are unfamiliar, that attorney should first consult with an expert in the complex or specialized legal arena about the standard of care").  In light of this pre-filing duty, to initiate post-filing discovery regarding such a claim is simply a matter of writing out, for example, interrogatory questions, document requests or requests to admit; it does not depend on legal research or access to a computer.  Therefore, apart from the lack of credibility of his argument, see n.8 *supra*, it is simply not plausible that the lack of law library and computer/printer access, even of unconstitutional proportions, is what has prevented Plaintiff from initiating any discovery in this case.  And beyond sweeping generalities, despite this Court's order requiring him to be particularized and specific, Plaintiff has failed to explain how these allegedly unconstitutional conditions conceivably had such an impact.

**II.     Law and Findings**

Federal Rule of Civil Procedure 16 requires that the Court enter a scheduling order setting deadlines for civil cases.  Fed. R. Civ. P. 16(b)(1).  The deadlines may be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In our Circuit, it has long been clear that "Rule 16's 'good cause' standard 'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.'"  Provencher v. Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc., No. 2:23-cv-00222-JAW, 2024 WL 1346645, at *4 (D. Me. Mar. 29, 2024) (quoting Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013)).  "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries," Hickman v. Taylor, 329 U.S. 495, 507 (1947), and is not an

"excursion ticket to an unlimited, never-ending exploration with no time limits." Wai Feng Trading Co. Ltd v. Quick Fitting, Inc., C.A. Nos. 13-33S, 13-56S, 2016 WL 4184014, at *7 (D.R.I. June 14, 2016).

    The alternative relief sought by these motions – an open-ended stay of a civil matter – amounts to an intrusion into the ordinary process of administration and judicial review. Katz v. Liberty Power Corp., LLC, Civil Action No. 18-cv-10506-ADB, 2020 WL 3440886, at *3 (D. Mass. June 23, 2020). "[S]tays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration." Marquis v. F.D.I.C., 965 F.2d 1148, 1155 (1st Cir. 1992) (emphasis added). The party seeking the stay bears the burden of showing that there is a pressing need for entry of an indefinite stay. Nken v. Holder, 556 U.S. 418, 433-34 (2009); Hall v. Toro, C.A. No. 18-355WES, 2022 WL 2752621, at *4 (D.R.I. July 14, 2022), appeal dismissed, No. 22-1556, 2022 WL 18356430 (1st Cir. Sept. 7, 2022). Without such a showing, an indefinite stay would be an abuse of discretion, In re Lernout & Hauspie Sec. Litig., Civil Action Nos. 00-11589-PBS, 02-10302-PBS, 02-10303-PBS, 02-10304-PBS, 2003 WL 23341390, at *2 (D. Mass. June 12, 2003), particularly because of the prejudice arising from fading memories of witnesses and the burden and costs of sustaining a defense to a case that remains indefinitely pending. See generally Galindo v. Am. Paramedical, Servs., Inc., No. 04-01108-CV-W-FJG, 2008 WL 2620885, at *2 (W.D. Mo. June 30, 2008).

    Based on the foregoing, I find that Plaintiff's motions have failed to establish that he has deployed appropriate diligence to pursue discovery in this case; therefore, I find that there is not good cause for the Court to extend the pretrial deadlines. I further find that Plaintiff's motions fail to provide the particularized situation-by-situation basis that the Court ordered him to articulate in making any further requests for extensions of specific deadlines in the Text Order of

January 30, 2024.  Relatedly (and having due regard for the extensive filings Plaintiff has been able to make in other cases, see n.8 supra), I find that Plaintiff has not credibly articulated more than the "general inconvenience of incarceration," which the Court has already held does not satisfy the "good cause" requirement.  In making these findings, I am mindful of the totality of the circumstances, including that Plaintiff is an attorney who has been admitted to practice in Massachusetts and who passed the Rhode Island bar examination and claims to have practiced in Rhode Island's Superior Court; that Plaintiff has attorneys actively representing him in Rhode Island and Massachusetts, including in the precise criminal cases in which he is alleging legal malpractice; and that Plaintiff's need for discovery in this case must be calibrated to the reality that Plaintiff's factual and legal foundation for signing his complaint had to have been already developed through a reasonable pre-filing inquiry pursuant to Fed. R. Civ. P. 11.  Also mindful of these findings and circumstances, I find that Plaintiff has failed to sustain his burden of demonstrating a pressing need for entry of an indefinite or open-ended stay, particularly in light of what I find to be a continuing burden inflicting prejudice on Defendants (a law firm and practicing lawyer) due to the ongoing pendency of a claim of legal malpractice, as well as the prejudice to Defendants' ability to defend due to fading memories caused by the passage of time.

      Nevertheless, mindful of Plaintiff's *pro se* status, which triggers the Court's obligation to be lenient,[12] and of his incarceration, the Court exercises its discretion to effectively grant the first of Plaintiff's motions, affording him a single twenty-eight-day[13] extension of the pretrial scheduling order deadlines based on the new dates set forth below.  Plaintiff is cautioned that the

---

[12] In affording latitude to Plaintiff as a *pro se* filer, the Court nevertheless also considers that "he was trained as an attorney [and] he has practiced law."  Vose, 2023 WL 6621149, at *3.

[13] The Court notes that, because of the delays caused by Plaintiff's motions, this determination has afforded Plaintiff the benefit of a *de facto* extension of the fact discovery deadline from March 4 to May 10, 2024, a period of more than two months.

9

new deadlines will be strictly governed by the applicable Local Rule, DRI LR Cv 26(c), and that further extensions will not lightly be granted. Otherwise, all relief sought by the motions, including a stay, is denied. Plaintiff's deposition shall proceed as previously ordered. Text Order of Feb. 22, 2024.

### III. Conclusion

To the extent that Plaintiff's motion (ECF No. 20) seeks to extend the fact discovery deadline by a limited number of days, with a corresponding extension of the other deadlines, it is GRANTED as follows:

- All factual discovery shall be completed by May 10, 2024;
- Plaintiff shall make his expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by June 7, 2024;
- Defendants shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by July 8, 2024;
- All expert discovery shall be completed by August 8, 2024; and
- Dispositive motions shall be filed by September 9, 2024.

All other provisions of the pretrial scheduling order (ECF No. 14) remain in full force and effect. **Further extensions will not lightly be granted**. All other relief sought by the motion (ECF No. 20) is DENIED. Plaintiff's motion (ECF No. 22) for a further extension, including for an open-ended extension or a stay, is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 12, 2024