UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CARLTON VOSE,<br>    Plaintiff,<br><br>v.<br><br>TANG & MARAVELIS, P.C. and<br>BRIAN GOLDBERG,<br>    Defendants. | C.A. No. 22-CV-434-JJM-PAS |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Before the Court are Plaintiff Carlton Vose and Defendants Brian Goldberg ("Attorney Goldberg") and Tang & Maravelis, P.C.'s ("T&M") Cross-Motions for Summary Judgment. For the reasons stated below, the Court GRANTS Defendants' Motion for Summary Judgment, ECF No. 89, and DENIES Mr. Vose's Motion for Summary Judgment, ECF No. 75.

I. BACKGROUND

Mr. Vose retained Attorney Goldberg of T&M to represent him in three criminal matters in state court: (1) abuse/neglect and/or exploitation of an adult with severe impairment ("elder neglect"); (2) obstructing a police officer; and (3) obtaining property by false pretenses or personation ("theft"). ECF No. 90 ¶ 5. The trial on elder neglect charges resulted in a guilty verdict, and a sentence of five years—which Mr. Vose appealed. ECF No. 76 ¶¶ 8-9, 14. While his appeal was pending before the Rhode Island Supreme Court, Mr. Vose sued Defendants, asserting two claims of legal

malpractice—one grounded on negligence and the other arising out of breach of contract.  ECF No. 1 at 13-14; ECF No. 90 ¶¶ 9-10.  Thus, Defendants promptly withdrew from each of Mr. Vose's criminal cases.  ECF No. 90 ¶¶ 10-11.  Soon after Defendants' withdrawal, the Rhode Island Supreme Court upheld Mr. Vose's conviction.  *See State v. Vose*, 287 A.3d 997 (R.I. 2023).  Thereafter, Mr. Vose's remaining criminal cases were dismissed in consideration of his sentence and "violation" in his elder neglect case.  ECF No. 90 ¶ 16.

## II.  STANDARD OF REVIEW

### A. Summary Judgment

A party is entitled to summary judgment if the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A party can show a genuine dispute by citing to materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations ... admissions, interrogatory answers, or other materials," or by showing that the materials cited either do not establish a genuine dispute or are not supported by admissible evidence.  *Id.*  Summary judgment is mandated against a party who, given adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case ... on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A complete failure of proof of an essential element shows that there is "no genuine issue as to any material fact" because if one element fails, all other facts are rendered irrelevant; it entitles the

moving party to "judgment as a matter of law" because, by definition, the nonmoving party cannot carry their burden at trial. *Id.* at 323.

### B. Legal Malpractice

"[T]o prevail on a legal malpractice claim, 'a plaintiff must prove by a fair preponderance of the evidence not only a defendant's duty of care, but also a breach thereof and the damages actually or proximately resulting therefrom to the plaintiff.'" *Ahmed v. Pannone*, 779 A.2d 630, 632–33 (R.I. 2001) (quoting *Macera Bros. of Cranston, Inc. v. Gelfuso & Lachut, Inc.*, 740 A.2d 1262, 1264 (R.I. 1999)). "Failure to prove all three of those required elements, acts as a matter of law, to bar relief or recovery." *Id.* (quoting *Macera,* 740 A.2d at 1264). "A party opposing a motion for summary judgment on a legal malpractice claim 'generally must present expert evidence, in the form of an affidavit or otherwise, establishing the standard of care' and the alleged deviation therefrom that caused damages." *Cronan v. Iwon,* 972 A.2d 172, 173 (R.I. 2009) (quoting *Ahmed*, 779 A.2d at 633). "Expert evidence is required 'unless the attorney's lack of care and skill is so obvious' that it would be a matter of common knowledge." *Id.* (quoting *Focus Inv. Assocs., Inc. v. Am. Title Ins.*, 992 F.2d 1231, 1239-40 (1st Cir. 1993)). "Cases which fall into the 'common knowledge' category are those where the negligence is 'clear and palpable,' or where no analysis of legal expertise is involved." *Focus Inv. Assocs., Inc.,* 992 F.2d at 1239.

## III. DISCUSSION

Here, Mr. Vose's Complaint outlines twenty-nine instances of legal malpractice[1] that Defendants allegedly committed while representing him for his criminal matters. *See* ECF No. 1 at 7-13. But Mr. Vose has not presented any expert evidence as generally required to establish the standard of care in legal malpractice cases.[2] Rather, Mr. Vose argues that his claims do not require expert testimony because: (1) the claims involve basic and obvious lack of care and skill, such that only common knowledge is required to recognize Defendants' malpractice; (2) United States Supreme Court precedent provides sufficient support to establish that Defendants' representation was "objectively unreasonable;" and (3) the claims implicate "pre-trial motion issues" that are a matter of law for the Court to decide. ECF No. 94 at 1-3.

To Mr. Vose's first point, jurors could not merely rely on their common knowledge to determine whether Defendants committed malpractice. For example, Mr. Vose does not allege that Defendants failed to file a suit within the appropriate

---

[1] Mr. Vose suggests that his contract-based legal malpractice claims should be analyzed "under a breach of contract theory, employing 'agency' analysis." ECF No. 75 at 4. But the Rhode Island Supreme Court appears to apply the same legal malpractice standard regardless of whether the claim is based on negligence or breach of contract. *See Fogarty v. Palumbo,* 163 A.3d 526, 541 (R.I. 2017) (invoking the traditional elements of a legal malpractice claim—duty of care, breach, proximate cause, and damages—after determining that the plaintiff's breach of contract claims were premised on their attorney-client relationship with the defendant). Thus, the Court declines to adopt Mr. Vose's suggested approach for analyzing his breach of contract/legal malpractice claims.

[2] The Court afforded Mr. Vose multiple extensions to retain an expert and file an expert report. *See* ECF No. 68; *Text Order*, Jan. 3, 2025.

4

statute of limitations period or failed to inform him of a settlement offer—situations where negligence would be "clear and palpable." *Cronan,* 972 A.2d at 173 (citations omitted). Rather, Mr. Vose's malpractice allegations concern assertions that Defendants failed to: (1) impeach a witness; (2) call various witnesses; (3) present expert medical testimony; (4) file certain motions; (5) demonstrate adequate knowledge of the applicable law; (6) introduce evidence of impropriety by the police and others; (7) maintain his innocence; and (8) properly object to certain evidence. *See* ECF No. 94 at 4-34. These allegations implicate Defendants' application of their legal expertise when representing Mr. Vose in his criminal matters. Accordingly, expert evidence is required to establish the standard of care applicable to an attorney in Attorney Goldberg's position. *See Focus Inv. Assocs., Inc.*, 992 F.2d at 1240 (affirming district court's determination that expert testimony was required to establish the standard of care because the plaintiff's legal malpractice claim implicated issues of the defendant-attorney's application of legal expertise).

As to Mr. Vose's second point, he purports that United States Supreme Court precedent directly addresses the type of malpractice he alleges in this action—"lack of knowledge of the law in a criminal defense case"—and therefore no expert testimony is needed to determine whether Defendants' alleged failure to know the law was "objectively unreasonable." ECF No. 94 at 2-3. To support such arguments, Mr. Vose cites to various cases in which the Supreme Court determined an attorney's failure to know a particular law was objectively unreasonable under the *Strickland* ineffective assistance of counsel standard. *See id.* at 2-3, 5.

5

For example, Mr. Vose cites *Hinton v. Alabama,* in which the Supreme Court determined the trial attorney's performance was deficient because he failed to seek more funding to hire a sufficient expert based—not on any strategic choice—but on the mistaken belief that state law capped available funding to $1,000.  571 U.S. 263, 273-74 (2014).  He also cites *Lee v. United* States, in which neither party disputed that the attorney's representation was objectively unreasonable when he erroneously informed the plaintiff that he would not be subject to mandatory deportation if he pleaded guilty.  582 U.S. 357, 360 (2017).  But the holdings in *Hinton* and *Lee* were based on the specific factual circumstances of each case—none of which are analogous to the factual circumstances present here.  Thus, Mr. Vose cannot obviate his need to present expert evidence by citing to cases that do not provide any guidance on the applicable standard of care in *Defendants'* particular circumstances.[3]

As to Mr. Vose's third point, the Court is not persuaded that his claims are merely "pre-trial motion" issues that are a matter of law for the Court to decide. Whether Attorney Goldberg should have made certain arguments or motions, called certain witnesses, or objected to or presented certain evidence are issues that relate to the standard of care—whether Attorney Goldberg exercised the same degree of

---

[3] If Mr. Vose was alleging malpractice based on his attorney's: (1) erroneous advice on the prospect of deportation upon enter a guilty plea; or (2) failure to hire an adequate expert due to a mistaken belief about a funding law, the Court could see how *Lee* and *Hinton* could guide the inquiry on the standard of care and breach thereof.  But Mr. Vose's assertions regarding Defendants' purported failure to know the law are much too dissimilar to the *Lee* and *Hinton* attorneys' failure to know the law on immigration and funding, respectively, and thus those cases do not determine the standard of care or breach issues present here.

6

care, skill, and diligence as a reasonable, prudent attorney acting in the same or similar circumstances.  And determining the applicable standard of care is a question of fact for the jury.[4]  *See DeCurtis v. Visconti, Boren & Campbell Ltd.*, 252 A.3d 765, 771 (R.I. 2021) (holding that trial judge erred in deciding an issue that relates to the standard of care for legal malpractice claim on summary judgment because standard of care is a question of fact for the jury).  Accordingly, Mr. Vose's claims are not issues that the Court can decide as a matter of law.

## IV.  CONCLUSION

Without expert testimony, Mr. Vose is unable make a showing sufficient to establish the appropriate standard of care—an essential element of his legal malpractice claims.  Thus, the Court GRANTS Defendants' Motion for Summary Judgment, ECF No. 89, and DENIES Mr. Vose's Motion for Summary Judgment, ECF No. 75.  The Court also DENIES Defendants' Motion to Dismiss, ECF No. 79, as moot.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

---------------------------------

John J. McConnell, Jr.
Chief Judge
United States District Court
DATE: 7/16/2025

---

[4] To be clear, while the standard of care is a question of fact for the jury, to survive summary judgment on a legal malpractice claim, Mr. Vose must provide expert evidence on the standard of care.

7